SCHIEFFELIN AND COMPANY, INC. *v.* DEPARTMENT
OF LIQUOR CONTROL ET AL.
(12921)
(12922)

PETERS, C. J., DANNEHY, SANTANIELLO, CALLAHAN, and MENT, Js.

Argued January 9—decision released March 3, 1987

*Robert F. Vacchelli,* assistant attorney general, with
whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Richard M. Sheridan,* assistant attorney general, for the appellant (named defendant).

*Walter B. Schatz,* with whom, on the brief, were *Leonard Bieringer* and *Alfred E. Wechsler,* for the appellants (defendant Brescome Distributors Corporation et al.).

*Barry J. Waters,* with whom was *John C. Yavis, Jr.,* for the appellee (plaintiff).

PETERS, C. J. The dispositive issue in these cases is whether this administrative appeal was finally adjudicated, for purposes of appeal to this court, when the trial court remanded the case for administrative resolution of an issue which the administrative tribunal had failed to adjudicate. We hold that there was no final judgment, and therefore dismiss this appeal.

The underlying litigation arose out of efforts by the plaintiff, Schieffelin & Co., to terminate the distributorships of several liquor wholesale licensees, including the defendants Brescome Distributing Corporation and Eder Brothers, Inc. Its history is described in full in our earlier opinion in *Schieffelin & Co.* v. *Department of Liquor Control,* 194 Conn. 165, 479 A.2d 1191 (1984). As it was required to do by the terms of General Statutes § 30-17 (a) (2),[1] the plaintiff sought per-

---

[1] General Statutes (Rev. to 1981) § 30-17 (a) (2), as amended by Public Acts 1981, No. 81-367, provides: "WHOLESALER PERMIT. TERMINATION OR DIMINISHMENT OF DISTRIBUTORSHIP. . . . When a holder of a wholesale permit has had the distributorship of any alcohol, beer, spirits or wine product of a manufacturer or out-of-state shipper or their successors or assigns for six months or more, such distributorship may be terminated or its geographic territory diminished upon (A) the execution of a written stipulation by the wholesaler and manufacturer or out-of-state shipper or their successors or assigns agreeing to the change and the approval of such change by the department of liquor control; or (B) the sending of a written notice by registered mail, return receipt requested, by the manufacturer or out-of-state shipper or their successors or assigns to the wholesaler, a copy of which notice has been sent simultaneously by registered mail, return receipt requested, to the department of liquor control. No such termination or diminishment shall become effective except for just and sufficient cause, provided such cause shall be set forth in such notice and the department

mission from the defendant Department of Liquor Control (hereinafter department) to terminate the individual defendants' distributorships. In ruling against the plaintiff, the department did not determine whether the plaintiff had met the statutory requirement of establishing just and sufficient cause for the terminations it sought to implement. Instead, the department merely concluded that the terminations were unwarranted because the plaintiff had failed to comply with the procedural requirement of § 30-17 (a) (2) that "cause shall be set forth" in notices of termination.

Upon the plaintiff's administrative appeal to the Superior Court, that court concluded that the notices of termination to the defendants Brescome and Eder sufficiently complied with the requirements of § 30-17 (a) (2). That conclusion did not, however, terminate the liti-

of liquor control shall determine, after hearing, that just and sufficient cause exists. If an emergency occurs, caused by the wholesaler, prior to such hearing, which threatens the manufacturer's or out-of-state shipper's or their successor's or assign's products or otherwise endangers the business of the manufacturer or out-of-state shipper or their successors or assigns and said emergency is established to the satisfaction of the department of liquor control, the department may temporarily suspend such wholesaler permit or take whatever reasonable action the department deems advisable to provide for such emergency and the department may continue such temporary action until its decision after a full hearing. The department of liquor control shall render its decision with reasonable promptness following such hearing. Notwithstanding the aforesaid, a manufacturer or out-of-state shipper or their successors or assigns may appoint one or more additional wholesalers as the distributor for an alcohol, beer, spirits or wine product within such territory provided with regard to alcohol, spirits or wine products such appointment shall not be effective until six months, and with regard to beer products one year, from the date such manufacturer or out-of-state shipper or their successors or assigns shall set forth such intention in written notice to the existing wholesaler by registered mail, return receipt requested, with a copy of such notice simultaneously sent by registered mail, return receipt requested, to the department of liquor control. For the purposes of this section, just and sufficient cause means the existence of circumstances which, in the opinion of a reasonable person considering all of the equities of both the wholesaler and the manufacturer or out-of-state shipper or their successors or assigns, warrants a termination or a diminishment of a distributorship as the case may be.

gation between the parties, because the trial court held that it could not make an initial ruling about whether the plaintiff had substantively established cause for its termination of the individual defendants' distributorships. Accordingly, the trial court remanded the case to the department for resolution of that issue. General Statutes § 4-183 (g).

The defendants then appealed to this court. The parties disagree not only about the validity of the trial court's ruling on the notice issue but also about the consequences that flow from the trial court's judgment. If we agree with the trial court that the notices complied with § 30-17 (a) (2), the plaintiff, fearing prejudgment by the department, urges us to remand the case to the trial court for final judicial resolution of the issue of just cause. The defendants, on the other hand, maintain that our affirmance of the trial court's judgment would require us also to concur in the trial court's order of administrative remand.

Upon examination of the briefs and records before oral argument of these appeals, this court sua sponte issued an order of notice to the parties that the appeals might be dismissed for lack of a final judgment. Under the Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., further appellate review of superior court rulings on administrative appeals is limited to cases in which the Superior Court has rendered a final judgment. General Statutes § 4-184. That statutory provision accords with the general proposition that, except in special cases, such as appeals upon reservations; *State* v. *Sanabria,* 192 Conn. 671, 681–85, 474 A.2d 760 (1984); or upon certification pursuant to General Statutes § 52-265a; *Laurel Park, Inc.* v. *Pac,* 194 Conn. 677, 678–79 n.1, 485 A.2d 1272 (1984); the jurisdiction of this court is restricted to appeals from judgments that are final. General Statutes § 52-263; Practice Book § 4000 (formerly § 3000); *Melia* v. *Hartford*

*Fire Ins. Co.,* 202 Conn. 252, 255, 520 A.2d 605 (1987); *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 388–89, 488 A.2d 444 (1985).

The expeditious resolution of disputes counsels against appellate review of trial court rulings that do not finally dispose of all the issues between the litigating parties. See Practice Book § 4002 (formerly § 3001). When a trial court lacks authority to render a definitive judgment on pending claims, its rulings are, in effect, interlocutory orders, no matter how they may have been denominated as a matter of form. *Doublewal Corporation* v. *Toffolon,* supra, 391–93. Interlocutory orders, in turn, are immediately appealable only "(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983); *Melia* v. *Hartford Fire Ins. Co.,* supra.

We have not recently articulated how these principles apply to appellate proceedings that arise out of administrative appeals under the Uniform Administrative Procedure Act. There may well be cases in which we have addressed the merits of an administrative appeal without fully considering its jurisdictional implications. The press of the appellate docket in the Appellate Court and in this court, and the fact that motions to dismiss may be granted without an accompanying written opinion, make it important now to clarify the ground rules for appellate review of administrative appeals.

There is no reason why administrative appeals should not be governed by the principles of *Curcio* set forth above. A judgment by a trial court ordering further administrative proceedings cannot meet the first prong of the *Curcio* test, because, whatever its merits, the trial court's order has not "terminate[d] a separate and

distinct proceeding." The more difficult question is whether the trial court's order "so concludes the rights of the parties that further proceedings cannot affect them."

Under our existing case law, we have distinguished, with reference to that question, between two kinds of administrative remands. A trial court may conclude that an administrative ruling was in error and order further administrative proceedings on that very issue. In such circumstances, we have held the judicial order to be a final judgment, in order to avoid the possibility that further administrative proceedings would simply reinstate the administrative ruling, and thus would require a wasteful second administrative appeal to the Superior Court on that very issue. See, e.g., *Watson* v. *Howard,* 138 Conn. 464, 468, 86 A.2d 67 (1952); *Santos* v. *Publix Theatres Corporation,* 108 Conn. 159, 161, 142 A. 745 (1928). A trial court may alternatively conclude that an administrative ruling is in some fashion incomplete and therefore not ripe for final judicial adjudication. Without dictating the outcome of the further administrative proceedings, the court may insist on further administrative evidentiary findings as a precondition to final judicial resolution of all the issues between the parties. See General Statutes § 4-183 (e). Such an order is not a final judgment. See, e.g., *Burdick* v. *United States Finishing Co.,* 128 Conn. 284, 288–89, 22 A.2d 629 (1941); *Luliewicz* v. *Eastern Malleable Iron Co.,* 126 Conn. 522, 524, 12 A.2d 779 (1940).

The present appeal closely resembles the category of cases in which, because the administrative record is incomplete, appellate review of a judicial order of administrative remand is premature.[2] We agree with

---

[2] The parties expressed their concern at oral argument about being precluded from pursuing their appeal rights if they did not immediately file an appeal from the judgment of remand. That concern is unfounded since the parties retain the power under Practice Book § 4002 (formerly § 3001)

the trial court and the defendants that the trial court itself lacked the authority to adjudicate the issue of just cause which it remanded to the department. The trial court's interlocutory order did not direct the department to undertake an administrative reconsideration of the issue of notice upon which the department had previously ruled. Instead, the department was ordered to undertake an evidentiary inquiry into an issue that it had not previously addressed, the issue of good cause for termination of the individual defendants' distributorships. The trial court's order did not, either directly or indirectly, prejudge that issue, whose merits are not identical to the merits of the notice issue on which the court had ruled adversely to the defendants. In ruling that the plaintiff has established proper notice but has yet to prove just cause, the trial court has placed the defendants in the same posture in which litigants find themselves when a trial court orders a further hearing in damages after it has granted an adverse motion for summary judgment. Appellate review of such a ruling must also await the outcome of the hearing in damages. *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 84–86, 495 A.2d 1063 (1985); *Pinnix* v. *LaMorte,* 182 Conn. 342, 343, 438 A.2d 102 (1980); *Research Associates, Inc.* v. *New Haven Redevelopment Agency,* 152 Conn. 137, 140–41, 204 A.2d 833 (1964). Similarly, we have just recently ruled that an agency decision in which damage issues remain undetermined lacks the finality required for Superior Court review. *Connecticut Bank & Trust Co.* v. *Commission on Human Rights & Opportunities,* 202 Conn. 150, 155–57, 520 A.2d 186 (1987). Because there has not yet been a definitive administrative determination of the plaintiff's claimed

to file a notice of appeal whenever a judgment conceivably may be final, while postponing the actual appeal until the litigation has been completely concluded.

right to terminate the distributorships of the individual defendants, the trial court's interlocutory ruling was not a final judgment.

The appeals are dismissed.

In this opinion the other justices concurred.