[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a medical malpractice action filed against the defendants Jefferson X-ray Group, Inc., and John P. Walsh, M.D., among others.
The defendants hereinabove cited filed motions pursuant to Practice Book 220(d) to preclude the plaintiff from offering any testimony or evidence of an expert nature at trial. The motions as to each defendant were granted (Hale, J.) on November 7 and December 10, 1990, respectively.
The defendants herein move or summary judgment claiming that by virtue of the court's ruling precluding expert testimony the plaintiff will be unable at trial without expert testimony to establish the standard of care and the proximate cause of the injuries.
It is well settled in Connecticut case law that a plaintiff alleging malpractice "cannot prevail unless there was evidence of an expert nature from which the jury could reasonably conclude that the defendant was negligent . . ." Guzze v. New Britain General Hospital, 7 Conn. App. 514 (1986).
The movant for summary judgment is held to a strict standard demonstrating entitlement to such remedy. Kakadelis v. DeFabritis, et al, 191 Conn. 276, 282. The motion for summary judgment should be denied when the movant fails to foreclose the possibility of existence of issues of material fact. Fogarty v. Rashaw, 193 Conn. 442, 445. Pursuant to PB 380 the motion for summary judgment must be supported by documents, such as, a) affidavits, b) written admissions, c) disclosures, d) certified transcripts of testimony under oath.
When a trial court lacks authority to render a definitive judgment on pending claims, its rulings are, in effect, CT Page 2285 interlocutory orders, no matter how they may have been denominated as a matter of form. Schieffelin Co. v. Department of Liquor Control, 202 Conn. 405, 409. The order by the court precluding the plaintiff from the introduction of expert testimony is an interlocutory order.
According to the generally accepted view, one judge may, in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case, upon a question of law. Breen v. Phelps, 186 Conn. 86, 98-99. The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. Id, 99. Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. Id.
This court does not question the soundness of the prior ruling on the motion to preclude expert testimony. However, this court cannot say as a matter of law that at the time of trial for good cause shown (PB 220(D)) the trial court could not modify the prior ruling on the motion to preclude expert testimony.
The failure of the party in opposition to the motion (plaintiff) to file a counter affidavit or affidavits (and/or documentory evidence) will result in the granting of the summary judgment, unless the moving partys' (defendants) documents and affidavits(s) fail to sustain his burden of proof. See e.g. New Haven Tobacco Co. v. O'Brien, 77 Conn. Sup. 815,818-19 (App. Sess. 1981). The movants herein have failed to carry their burden.
In her opposition to defendants' motion for summary judgment, the plaintiff further postures that expert testimony is not required where gross negligence is claimed. In light of the conclusions of the court hereinabove cited, the could will not address this claim of the plaintiff.
The motion for summary judgment in the matters of defendant Jefferson X-ray Group, Inc., and John P. Welsh, M.D., are denied.
MIANO, J.