DANIEL W. KOBYLUCK ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF MONTVILLE ET AL.
(AC 21641)

Lavery, C. J., and Schaller and Flynn, Js.

Argued March 21—officially released May 21, 2002

*Ronald F. Ochsner*, for the appellant (defendants).

*Stanley Maxim Lucas*, for the appellees (plaintiffs).

*Opinion*

LAVERY, C. J. The defendants[1] appeal from the judgment of the trial court remanding the plaintiffs'[2] zoning appeals to the defendant zoning board of appeals of the town of Montville (board) for a new hearing. The defendants claim impropriety in the court's conclusion that General Statutes § 8-7 requires that the parties to a zoning appeal receive written notice of the hearing thereon and that the defendants' failure to provide the plaintiffs with such notice violated the plaintiffs' due process rights. We conclude that there is no final judgment and, therefore, dismiss the appeal.

The following facts and procedural history are relevant. The plaintiffs own residential property at 143 Oxoboxo Cross Road in Montville and a quarry site at 170 Oxoboxo Brook Road, which also is known as Oxoboxo Dam Road, in Montville. On October 19, 1999, the Montville zoning enforcement officer issued the plaintiffs two cease and desist orders alleging zoning violations related to activities conducted at the two properties. On November 8, 1999, the plaintiffs filed appeals for each cease and desist order. See General Statutes § 8-7. Thereafter, the defendants arranged for newspaper publication in the New London Day of the notice of the public hearing scheduled to consider the plaintiffs' appeals. The defendants did not provide any personal notice of the scheduled hearing to the plaintiffs. On December 1, 1999, a public hearing was held at which the board considered the plaintiffs' appeals, and upheld the cease and desist orders. Not having seen the notice

---

[1] The defendants are the zoning board of appeals of the town of Montville, its chairman, Joseph DeVito, the Montville zoning enforcement officer, Thomas E. Sanders, and Montville's town clerk, Lisa DiMarco.

[2] The plaintiffs are Daniel W. Kobyluck and Maureen A. Kobyluck.

in the New London Day, neither the plaintiffs nor their attorney attended the public hearing.

On December 15, 1999, the plaintiffs appealed from the decisions of the board to the Superior Court. See General Statutes § 8-8 (2) (b). The appeals were consolidated and tried together on October 31, 2000. The plaintiffs claimed that the board acted illegally, arbitrarily and in abuse of its discretion by not providing the plaintiffs with personal notice of the hearing on their appeals. They made additional arguments alleging substantive error in the board's decisions. The court found the notice issue dispositive and, after concluding that § 8-7 and due process both required that the plaintiffs receive personal notice of the public hearing on their appeals, remanded the matters for new hearings before the board. Thereafter, the defendants appealed to this court.

While this appeal was pending, we asked the parties to appear and to give reasons, if any, why the appeal should not be dismissed for lack of an appealable final judgment. After hearing argument, we marked the motion "off." Having completed a review of the case upon full briefing, however, our concern has been renewed, and we have concluded that it is necessary to reconsider our jurisdiction to hear the appeal. See *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corp.*, 187 Conn. 509, 511 n.6, 446 A.2d 1082 (1982). We now conclude that because the court's remand for a new hearing will require the board of appeals to hear new evidence and to exercise its discretion, the court's order is not an appealable final judgment.

"The right of appeal exists only by virtue of statutory authority. *In re Judicial Inquiry No. 85-01*, 221 Conn. 625, 633, 605 A.2d 545 (1992), citing *State* v. *Audet*, 170 Conn. 337, [341], 365 A.2d 1082 (1976). Generally,

appellate courts in this state do not have jurisdiction
to entertain appeals not taken from final judgments. See
General Statutes § 52-263; *State* v. *Curcio*, 191 Conn. 27,
30, 463 A.2d 566 (1983). The lack of a final judgment
is a jurisdictional defect that mandates dismissal. *Con-
necticut National Bank* v. *Rytman*, 241 Conn. 24, 34,
694 A.2d 1246 (1997)." (Internal quotation marks omit-
ted.) *Stern* v. *Allied Van Lines, Inc.*, 246 Conn. 170,
174, 717 A.2d 195 (1998).

"Because the provisions of the Uniform Administra-
tive Procedure Act [General Statutes § 4-166 et seq.] do
not govern a zoning appeal; see General Statutes §§ 8-
8 (o), 8-9 and 8-30g (b) [now 8-30g (f)]; it is the scope
of the remand order in this particular case that deter-
mines the finality of the trial court's judgment. *Eastern
Connecticut Cable Television, Inc.* v. *Dept. of Public
Utility Control*, 214 Conn. 609, 613, 573 A.2d 311 (1990).
A judgment of remand is final if it 'so concludes the
rights of the parties that further proceedings cannot
affect them.' Id., quoting *State* v. *Curcio*, [supra, 191
Conn. 31]; see also *Schieffelin & Co.* v. *Dept. of Liquor
Control*, 202 Conn. 405, 409–11, 521 A.2d 566 (1987). A
judgment of remand is not final, however, if it requires
[the agency to make] further evidentiary determinations
that are not merely ministerial." (Internal quotation
marks omitted.) *Kaufman* v. *Zoning Commission*, 232
Conn. 122, 129–30, 653 A.2d 798 (1995).

In *Kaufman*, the plaintiff appealed to the Superior
Court from the defendant zoning commission's denial
of his application for a zone change so that he could
develop his land as an affordable housing project. The
court, after concluding that the applicable statute
required the zoning commission to approve the applica-
tion, reversed the decision of the commission and
remanded the case to allow the commission to impose
reasonable conditions and changes. The commission
appealed from the court's decision, and our Supreme

Court, before addressing the merits of the case, concluded that the court's remand order was a final judgment. Id., 129–31.

In reaching that conclusion, the Supreme Court "attach[ed] significance to the fact that the trial court's judgment did not order further evidentiary determinations on remand." Id., 130. "Even more important, the trial court's judgment required the commission to approve the plaintiff's application." Id., 131. Thus, "[w]ith respect to [that] central issue, the trial court's decision so conclude[d] the rights of the parties that further proceedings [could not] affect them." (Internal quotation marks omitted.) Id.; see also *Children's School, Inc.* v. *Zoning Board of Appeals*, 66 Conn. App. 615, 617–19, 785 A.2d 607, cert. denied, 259 Conn. 903, 789 A.2d 990 (2001); *Wisniowski* v. *Planning Commission*, 37 Conn. App. 303, 308–11, 655 A.2d 1146, cert. denied, 233 Conn. 909, 658 A.2d 981 (1995).

In this case, after concluding that the board's hearing was held without sufficient notice to the plaintiffs, the court remanded the matter for a new hearing at which the plaintiffs will be able to present their arguments regarding the alleged zoning violations and to introduce evidence in support thereof. Unlike the commission in *Kaufman*, the board has not been directed by the court as to how it must rule on the plaintiffs' appeals. Because the notice issue was dispositive, the court did not reach the other issues relating to the merits of the plaintiffs' appeals. It is conceivable that after an adversarial hearing in which all of the relevant evidence is considered, the board may decide differently. Therefore, the court's decision has not so concluded the rights of the parties such that the further proceedings cannot affect them.

"The expeditious resolution of disputes counsels against appellate review of trial court rulings that do not finally dispose of all the issues between the litigating

parties." (Internal quotation marks omitted.) *Wisniowski* v. *Planning Commission,* supra, 37 Conn. App. 308. Because the defendants have appealed from a decision that is not final, their appeal must be dismissed.

The appeal is dismissed.

In this opinion the other judges concurred.