[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
The plaintiff, Morris Speter, filed a nine count complaint against the defendants, Penny Shikowitz and B. Watchdogs, Inc. (Watchdogs), alleging the following pertinent facts: That after being hired by Prodgenious, an electronic location detection company founded by Shikowitz, Watchdogs, a Delaware corporation, purchased Prodgenious and assumed the liabilities of Speter's written employment agreement with Prodgenious. Pursuant to that agreement, Speter was to receive a salary, certain stock options and sales commissions. Despite his demands, Watchdogs and Shikowitz have failed to pay Speter his compensation.
The defendants filed a motion to dismiss which the court granted as to Shikowitz on June 10, 2002. Watchdogs, the remaining defendant, maintains that its alleged conduct does not fall within the scope of General Statutes §§ 33-929 (e) or 33-929 (f), and therefore its motion to dismiss based on lack of personal jurisdiction should be granted.
"Motions to dismiss are granted solely on jurisdictional grounds."Olson Accessory Controls Equipment Corp., 54 Conn. App. 506, 515,735 A.2d 881 (1999), aff'd., 254 Conn. 145, 757 A.2d 14 (2000). "A foreign corporation may be haled into court in Connecticut only if a plaintiff alleges jurisdictional facts that, if proven, would satisfy one of the provisions of our long arm statute, General Statutes § 33-929
(f)." Pitruzello v. Muro, 70 Conn. App. 309, 311, 796 A.2d 567 (2002). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however, as here, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Internal quotation marks omitted.) Ferreira v. Pringle, 255 Conn. 330,346, 766 A.2d 400 (2001). CT Page 11754
In support of its motion, Watchdogs submits an affidavit by its president, William Calcagni. Calcagni avers that Watchdogs is a Delaware corporation, but is not authorized, nor has never transacted business in Connecticut. Calcagni maintains that Watchdogs has never entered into any contract made or to be performed in Connecticut, has not solicited business in, nor produced goods to be used in Connecticut, and has not committed any tort in, nor owned any real property in Connecticut. On behalf of Watchdogs, Calcagni denies the existence of any relationship with Speter, via contract or otherwise, and denies owing Speter any money. Moreover, Calcagni maintains that Watchdogs is a totally separate entity from Prodgenious.
"If a challenge to the court's personal jurisdiction is raised by a defendant . . . foreign corporation . . . the plaintiff must bear the burden of proving the court's jurisdiction." Knipple v. VikingCommunications, 236 Conn. 602, 607, 674 A.2d 426 (1996). "To meet this burden, the plaintiffs must do more than merely rely on conclusory allegations in their complaint. Instead, they must make at least a primafacie showing of jurisdiction through their own affidavits or supporting materials." (Internal quotation marks omitted.) Nevins v. AmericanAirlines, Inc., Superior Court, judicial district of New Britain at New Britain, Docket No. 487829 (October 12, 2000, Kocay, J.) (28 Conn.L.Rptr. 415, 417). Speter filed copies of several documents with its memorandum in opposition to the motion, none of which demonstrate the requisite jurisdictional facts upon which he must prove the court's jurisdiction over Watchdogs, nor does he provide any counter-evidence to dispute Calcagni's affidavit. Rather, in his memorandum of opposition, Speter asserts that the alleged Connecticut based contract between himself and Prodgenious was accepted and transferred to Watchdogs, and that Watchdogs makes public and website pronouncements that it does business in Connecticut. No evidence supporting such assertions has been provided, however. While Speter's evidence includes a copy of a check purportedly issued to him by Watchdogs and which he alleges to be payment for work done in connection with Prodgenious, he does not clarify how this supports a showing of jurisdiction pursuant to any one of the requirements of General Statutes §§ 33-929 (e) or (f).
The court finds that Speter has failed to meet his burden of proving personal jurisdiction over Watchdogs and accordingly grants the motion to dismiss.
 ___________________ KARAZIN, J.
CT Page 11755