# WESTOVER PARK, INC., ET AL. *v.* ZONING BOARD OF THE CITY OF STAMFORD ET AL.
## (AC 25436)

Lavery, C. J., and DiPentima and Gruendel, Js.

Argued June 2—officially released August 30, 2005

*Brenden P. Leydon,* for the appellants (plaintiffs).

*Christopher J. Smith,* with whom, on the brief, was *Matthew Ranelli,* for the appellee (defendant Starwood Buckingham, LLC).

*John W. Mullin,* assistant corporation counsel, for the appellee (defendant Stamford zoning board).

*Aamina Ahmad,* assistant town attorney, with whom, on the brief, was *Haden P. Gerrish,* assistant town attorney, for the appellee (defendant town of Greenwich).

*Opinion*

DiPENTIMA, J. The plaintiffs, Westover Park, Inc., Stop 77 Havemeyer,[1] Ron Zussman, Jeanne DeLoe and Dean DeLoe, appeal from the ruling of the trial court modifying the special exception issued to the defendants Starwood Buckingham, LLC (Starwood), and Leandro Rizzuto by the defendant zoning board of the city of Stamford (board).[2] Prior to oral argument before this court, we ordered supplemental briefs on the question of whether a final judgment exists. We conclude that it does not and, accordingly, dismiss the appeal.

This zoning litigation involves a parcel of land owned by Rizzuto consisting of approximately 19.8 acres located in a C-D designed commercial district zone on Havemeyer Lane in Stamford. To develop residential dwellings in that zone, a special exception is required, as is site plan approval. The parcel presently contains

---

[1] Stop 77 Havemeyer is an unincorporated association of property owners that was formed for the purpose of opposing the applications that are the subject of this appeal.

[2] The town of Greenwich, which intervened in the action pursuant to General Statutes § 22a-19, was also a defendant at trial.

a vacant 117,562 square foot commercial office building and 180 parking spaces.

In the spring of 2001, Starwood filed applications for a special exception and site plan approval to construct residential townhouses on the parcel. The board granted the applications on February 11, 2002, subject to twenty-five conditions. From that decision, the plaintiffs appealed pursuant to General Statutes § 8-8 (b).[3] Their principal contention was that, in imposing conditions on its approval, the board improperly delegated implementation of those conditions to other persons and agencies.

In its memorandum of decision dated December 18, 2003, the court concluded: "[T]he conditions imposed by the zoning board on its approval of Starwood's applications require modification, including deletion of the alternatives in some cases of making a cash payment to the city instead of actual construction. It makes little sense simply to sustain the appeal of the plaintiffs on this one narrow ground in light of the defendant zoning board's very thorough review and approval of these applications. As the plaintiffs have not sustained their burden of proof, except with regard to the zoning board's delegation of its authority, the decision and approval of the applications is accepted in all other respects." Thus, while agreeing with the plaintiffs' principal contention, the court did not sustain the plaintiffs' appeal. Rather, it modified the board's conditions and remanded the matter for further proceedings.

Thereafter, the plaintiffs filed a motion to reargue, which was denied. The plaintiffs then filed with this

---

[3] General Statutes § 8-8 (b) provides in relevant part: "[A]ny person aggrieved by any decision of a board, including a decision to approve or deny a site plan pursuant to subsection (g) of section 8-3, may take an appeal to the superior court for the judicial district in which the municipality is located. . . ."

court a timely petition for certification to appeal, which was granted on April 22, 2004. This appeal followed, in which the plaintiffs' sole claim is that the court improperly "ordered a constrained remand once it had determined that material conditions were improperly attached to the [board's] approval." Prior to oral argument before this court, we ordered supplemental briefs on the question of whether a final judgment exists.[4] We now consider that question.

"The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law . . . [and, therefore] our review is plenary." (Internal quotation marks omitted.) *Sweeney* v. *Sweeney*, 271 Conn. 193, 207, 856 A.2d 997 (2004).

Appellate court jurisdiction is limited to final judgments of the trial court. General Statutes § 52-263; Practice Book § 61-1. This principle has endured through centuries of Connecticut jurisprudence. See *Gleason* v. *Chester*, 1 Day 27 (1802). In *State* v. *Curcio*, 191 Conn. 27, 463 A.2d 566 (1983), our Supreme Court explained: "The right of appeal is purely statutory. It is accorded only if the conditions fixed by statute and the rules of

[4] Our order dated December 7, 2004, required the parties to brief the following issues: "(1) Is the trial court's remand in this case an appealable final judgment? (2) Should the determination of whether there is a final judgment be based on the test for finality set forth in *Schieffelin & Co.* v. *Dept. of Liquor Control*, 202 Conn. 405, 410, 521 A.2d 566 (1987) (judgment is final if trial court concludes that agency ruling was in error and orders further proceedings on that very issue), or by the test for finality contained in *Kaufman* v. *Zoning Commission*, 232 Conn. 122, 129–31, 653 A.2d 798 (1995) (judgment is final if agency is not required to make further evidentiary findings that are not ministerial and cannot deny the zoning application ordered approved by the trial court)? See *Doe* v. *Connecticut Bar Examining Committee*, 263 Conn. 39, 49 n.5, 818 A.2d 14 (2003) (observing that the ministerial-discretionary test is used in workers' compensation cases and recognizing a 'doctrinal inconsistency' between that test and the *Schieffelin & Co.* test)."

court for taking and prosecuting the appeal are met. . . . The statutory right to appeal is limited to appeals by aggrieved parties from final judgments. . . . Because our jurisdiction over appeals . . . is prescribed by statute, we must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim." (Citations omitted.) Id., 30.

Moreover, "[i]t has long been this court's policy to discourage 'piecemeal' appeals . . . ." Id. "The expeditious resolution of disputes counsels against appellate review of trial court rulings that do not finally dispose of all the issues between the litigating parties." *Schieffelin & Co.* v. *Dept. of Liquor Control*, 202 Conn. 405, 409, 521 A.2d 566 (1987). Accordingly, an otherwise interlocutory order constitutes an appealable final judgment only if it satisfies the test articulated in *State* v. *Curcio*, supra, 191 Conn. 27. Under *Curcio*, "[a]n otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id., 31. We therefore evaluate the trial court's December 18, 2003 order in light of this test.

The court's order remanded the matter for further administrative proceedings. As such, it cannot satisfy *Curcio*'s first prong. "A judgment by a trial court ordering further administrative proceedings cannot meet the first prong of the *Curcio* test, because, whatever its merits, the trial court's order has not terminate[d] a separate and distinct proceeding." (Internal quotation marks omitted.) *Doe* v. *Connecticut Bar Examining Committee*, 263 Conn. 39, 46, 818 A.2d 14 (2003).

Turning to what our Supreme Court has termed "[t]he more difficult question"; id.; we must determine

whether the court's December 18, 2003 order so concludes the rights of the parties that further proceedings cannot affect them. In so doing, we first address the applicable test for finality.

In ordering supplemental briefs, we asked the parties to address whether final judgment determinations in zoning appeals should be based on the test for finality set forth in *Schieffelin & Co.* v. *Dept. of Liquor Control*, supra, 202 Conn. 410, or on the test for finality contained in *Kaufman* v. *Zoning Commission*, 232 Conn. 122, 129–31, 653 A.2d 798 (1995).[5] We conclude that, in zoning appeals, the *Kaufman* test governs.

The present case involves a zoning appeal. As such, the doctrinal approach set forth in *Schieffelin & Co.* has little bearing on our analysis. In *Schieffelin & Co.*, the appeal was brought under the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq. Furthermore, *Schieffelin & Co.* articulated how the *Curcio* test applies "to appellate proceedings that arise out of administrative procedures under the [UAPA]." *Schieffelin & Co.* v. *Dept. of Liquor Control*, supra, 202 Conn. 409. The provisions of the UAPA, however, do not govern a zoning appeal. See General Statutes §§ 8-8 (o), 8-9. Accordingly, the test for finality of *Schieffelin & Co.* is inapplicable to zoning appeals.

---

[5] In *Doe* v. *Connecticut Bar Examining Committee*, supra, 263 Conn. 49 n.5, our Supreme Court "recognize[d] that the final judgment analysis we apply to workers' compensation appeals differs from that which we apply to other administrative appeals." Noting the apparent "doctrinal inconsistency" between *Conetta* v. *Stamford*, 246 Conn. 281, 291, 715 A.2d 756 (1998), and *Schieffelin & Co.* v. *Dept. of Liquor Control*, supra, 202 Conn. 405, the court nevertheless concluded that the inconsistency "would not be appropriately resolved in the present case, which does not involve a workers' compensation proceeding and in which we have not had the benefit of the views of the workers' compensation bar. We will await such a case, therefore, in which to address that inconsistency. Because this is not a workers' compensation case, we decline to apply the workers' compensation analysis here." *Doe* v. *Connecticut Bar Examining Committee*, supra, 49–50 n.5.

In *Kaufman* v. *Zoning Commission*, supra, 232 Conn. 122, our Supreme Court adopted a different test for finality. The court stated that, in zoning appeals, it is the scope of the remand order in a particular case that determines the finality of the trial court's judgment. Id., 129. Reiterating *Curcio*'s second prong, the court noted that "[a] judgment of remand is final if it so concludes the rights of the parties that further proceedings cannot affect them." (Internal quotation marks omitted.) Id., 130. The court continued: "A judgment of remand is not final, however, if it requires [the agency to make] further evidentiary determinations that are not merely ministerial." (Internal quotation marks omitted.) Id., quoting *Eastern Connecticut Cable Television, Inc.* v. *Dept. of Public Utility Control*, 214 Conn. 609, 614, 573 A.2d 311 (1990).

Our focus, then, is on the court's remand order. The order in the present case is unusual in that it purports to uphold the decision of the board. At the same time, it agrees with the plaintiffs that the board improperly delegated its authority with respect to certain conditions.[6] The court therefore ordered a modification of those conditions. The order directs as follows: "If the defendant Starwood wishes to pursue these applications, a revised site plan should be submitted, but to the defendant zoning board itself. Section 19.3.2.c of the Stamford zoning regulations requires that changes in plans require 'further approval' of the defendant board. Only the issues of intersection improvements, traffic signals, driveway access, traffic 'calming,' a parking plan and a revision of the units in the southwest part of the subject property should be scheduled for a public hearing in order that the plaintiffs and members of the public have the opportunity to contest whether

---

[6] The judgment file concludes: "Wherefore, it is adjudged that the decision and approval of the zoning board is accepted except for the limited issue of the zoning board's delegation of its authority."

the revised plans are responsive to the conditions imposed by the defendant zoning board. In other words, the defendant zoning board imposed conditions on its approvals. These conditions should be incorporated in an amended plan to demonstrate exactly what Starwood intends to do in response to the conditions, including whether any required approvals from the city of Stamford for off-site improvements have been obtained."[7]

Thus, the court's remand required a new site plan to be submitted and a public hearing to be held, both of which contemplate the presentation of new evidence before the board. By contrast, the remand in *Kaufman* did not order further evidentiary determinations. *Kaufman* v. *Zoning Commission*, supra, 232 Conn. 130. Perhaps more importantly, the remand here expressly acknowledged the fact that further approval of the board is required under the Stamford zoning regulations.[8] As we held in *Kobyluck* v. *Zoning Board of Appeals*, 70 Conn. App. 55, 57, 796 A.2d 567 (2002), "because the court's remand for a new hearing will require the board of appeals to hear new evidence and to exercise its discretion, the court's order is not an appealable final judgment."

Furthermore, the *Kaufman* court found significant the fact that the trial court in that case had required the commission to approve the plaintiff's application,

[7] The court also stated that it would retain jurisdiction over the appeal "in the event that the parties . . . wish[ed] to contest the propriety of the zoning board's ruling on any such changes in the plans."

[8] We note that "[i]n ruling upon a site plan application, the planning commission acts in its ministerial capacity, rather than its quasi-judicial or legislative capacity. It is given no independent discretion *beyond determining whether the plan complies with the applicable regulations*." (Emphasis added; internal quotation marks omitted.) *Berlin Batting Cages, Inc.* v. *Planning & Zoning Commission*, 76 Conn. App. 199, 221, 821 A.2d 269 (2003). Accordingly, the board's initial determination of whether the revised site plan complies with the regulations was a discretionary matter.

thereby concluding that "[w]ith respect to [that] central issue, the trial court's decision so concludes the rights of the parties that further proceedings cannot affect them." (Internal quotation marks omitted.) *Kaufman* v. *Zoning Commission,* supra, 232 Conn. 131; see also *Children's School, Inc.* v. *Zoning Board of Appeals,* 66 Conn. App. 615, 619, 785 A.2d 607, cert. denied, 259 Conn. 903, 789 A.2d 990 (2001). The remand in the present case, however, does not direct the board as to how it must rule. As in *Kobyluck,* it is conceivable that, after further proceedings in which all of the relevant evidence is considered, the board may decide differently. *Kobyluck* v. *Zoning Board of Appeals,* supra, 70 Conn. App. 59. Therefore, the court's decision has not so concluded the rights of the parties such that the further proceedings cannot affect them. As such, the plaintiffs have appealed from a decision that is not final.[9]

The appeal is dismissed.

In this opinion the other judges concurred.

---

[9] Relying on a footnote in *Kaufman,* the plaintiffs alternatively argue that a final judgment is not required in zoning appeals in which certification to appeal is granted. That reliance appears misplaced, as our Supreme Court stated: "We assume without deciding that if the trial court judgment had not been final, this court could not have exercised jurisdiction over the appeal, even though certification was granted by the Appellate Court." *Kaufman* v. *Zoning Commission,* supra, 232 Conn. 130 n.7. That assumption is consistent with the underlying purpose of the final judgment rule. As was succinctly stated decades ago: "Allowance of multiple appeals in a single action would not accord with the sound policy which favors the speedy disposition of actions in court . . . ." *State* v. *Kemp,* 124 Conn. 639, 647, 1 A.2d 761 (1938).