# LAKESIDE ESTATES, LLC *v.* ZONING COMMISSION OF THE CITY OF WATERBURY
## (AC 26711)

Schaller, DiPentima and Lavine, Js.

Argued October 17, 2006—officially released April 24, 2007

*Eric M. Grant*, with whom, on the brief, were *Joseph P. Yamin* and *Melissa A. Scozzafava*, for the appellant (plaintiff).

*Paula N. Anthony*, acting assistant corporation counsel, for the appellee (defendant).

*Opinion*

SCHALLER, J. This appeal arises out of a proposed stipulated judgment pursuant to which the plaintiff, Lakeside Estates, LLC, and the defendant, the zoning commission of the city of Waterbury, agreed to settle an appeal by the plaintiff from the decision of the defendant denying approval of its petition for a proposed zone change. On appeal, the parties claim that the trial court improperly denied their motion for a stipulated judgment following a determination that the settlement was unfair when there was no evidence of bad faith, collusion or other improper conduct. We conclude that the court's denial of the parties' motion for a stipulated judgment does not constitute a final judgment and, accordingly, dismiss the appeal.

The record reveals the following procedural history and relevant facts. The plaintiff petitioned the defendant for a zone change with respect to approximately seven acres of land from a single-family residential district to a moderate density residential district in order to develop an age restricted residential community. On March 27, 2003, the defendant voted to deny the proposed zone change.

The plaintiff appealed from the defendant's decision to the trial court pursuant to General Statutes § 8-8.[1] Following a mediation ordered by the court, the parties

---

[1] General Statutes § 8-8 (b) provides in relevant part: "[A]ny person aggrieved by any decision of a [municipal zoning commission] . . . may take an appeal to the superior court for the judicial district in which the municipality is located. . . ."

reached a settlement agreement. At a special meeting held on August 31, 2004, the defendant voted to approve the settlement agreement and enter into the proposed stipulated judgment.

Thereafter, the parties moved for judgment in accordance with their proposed stipulation pursuant to § 8-8 (n).[2] Following a public hearing, the court denied the motion.[3] In a subsequent articulation, the court explained that its decision was based on its determination that the settlement failed to meet the threshold standard of "fundamental fairness." This appeal followed the granting of certification by this court.[4]

While this appeal was pending, we asked the parties to appear and to give reasons, if any, why the appeal should not be dismissed for lack of a final judgment. After hearing argument, we marked the matter "off" and ordered the parties to address in their briefs the question of whether the court's denial of their motion for a stipulated judgment constituted a final judgment. We now consider that question.

"The subject matter jurisdiction of this court and our Supreme Court is limited by statute to final judgments. . . . Our appellate courts lack jurisdiction to hear an appeal that is not brought from a final judgment. . . . The lack of a final judgment is a jurisdictional defect that mandates dismissal. [General Statutes § 52-263]."

---

[2] General Statutes § 8-8 (n) provides: "No appeal taken under subsection (b) of this section shall be withdrawn and no settlement between the parties to any such appeal shall be effective unless and until a hearing has been held before the Superior Court and such court has approved such proposed withdrawal or settlement."

[3] Section 8-8 (n) has been construed as requiring the trial court to conduct a public hearing before deciding whether to approve a proposed settlement of a zoning appeal. See *Willimantic Car Wash, Inc.* v. *Zoning Board of Appeals*, 247 Conn. 732, 745, 724 A.2d 1108 (1999).

[4] General Statutes § 8-8 (o) provides in relevant part that in zoning matters, "[t]here shall be no right to further review except to the Appellate Court by certification for review . . . ."

(Citations omitted; internal quotation marks omitted.) *Psaki* v. *Karlton,* 97 Conn. App. 64, 69, 903 A.2d 224 (2006). "Because our jurisdiction over appeals . . . is prescribed by statute, we must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim." *State* v. *Curcio,* 191 Conn. 27, 30, 463 A.2d 566 (1983).

The parties argue that zoning appeals are exempt by statute from the final judgment rule. Specifically, they rely on § 8-8 (o), which limits appeals in zoning matters to those that have been certified by this court, and argue that the granting of certification to appeal eliminates the need for a final judgment. The parties' argument is misplaced. Indeed, this court consistently has applied the final judgment requirement to zoning appeals. See, e.g., *Westover Park, Inc.* v. *Zoning Board,* 91 Conn. App. 125, 133, 881 A.2d 412 (2005) (dismissing zoning appeal for lack of final judgment); *Kobyluck* v. *Zoning Board of Appeals,* 70 Conn. App. 55, 60, 796 A.2d 567 (2002) (same); *Wisniowski* v. *Planning Commission,* 37 Conn. App. 303, 311, 655 A.2d 1146 (reaching merits of appeal after determining existence of final judgment), cert. denied, 233 Conn. 909, 658 A.2d 981 (1995).

In support of its argument, the plaintiff specifically relies on General Statutes §§ 52-263[5] and 51-197a,[6] and argues that language used therein stating that appeals may be brought from final judgments except as provided for in General Statutes §§ 8-8 and 8-9,[7] the statutory sections governing zoning appeals, creates an

---

[5] General Statutes § 52-263, entitled "Appeals from Superior Court. Exceptions," provides in relevant part that an aggrieved party "may appeal to the court having jurisdiction from the final judgment of the court or of such judge . . . except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8 and 8-9."

[6] General Statutes § 51-197a (a) provides for appeals from final judgments or actions of the Superior Court to the Appellate Court "except for . . . appeals as provided for in sections 8-8 and 8-9 . . . ."

[7] General Statutes § 8-9 provides: "Appeals from zoning commissions and planning and zoning commissions may be taken to the Superior Court and,

exception to the final judgment rule in zoning appeals. We decline to give such a broad reading to this statutory language and conclude, rather, that this language serves to account for the requirement that zoning appeals must be certified by this court. The plaintiff also refers to a footnote in *Kaufman* v. *Zoning Commission*, 232 Conn. 122, 130 n.7, 653 A.2d 798 (1995), in which our Supreme Court noted that the right to appeal pursuant to § 8-8 (o) is "not explicitly limited to appeals from final judgments of [the] trial court but instead to cases in which [the] appellate court has certified [a] question for review . . . ." This court previously has considered and rejected this argument. In *Westover Park, Inc.* v. *Zoning Board*, supra, 91 Conn. App. 133 n.9, we noted that our Supreme Court's assumption in *Kaufman* that "if the trial court judgment had not been final, [it] could not have exercised jurisdiction over the appeal, even though certification was granted" was consistent with the final judgment rule. (Internal quotation marks omitted.) Id., quoting *Kaufman* v. *Zoning Commission*, supra, 130 n.7. Moreover, the Supreme Court applied the final judgment rule in *Kaufman*, reaching the merits of the appeal after determining that there was an appealable final judgment. See *Kaufman* v. *Zoning Commission*, supra, 131. We therefore conclude that the final judgment rule applies equally to zoning appeals as to other appeals.

Our conclusion that there is no statutory exception to the final judgment rule in zoning cases does not, however, end our inquiry. The court's denial of the parties' motion for a stipulated judgment did not dispose of the underlying action and, therefore, is not a final judgment. Nonetheless, "[a]n otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and

---

upon certification for review, to the Appellate Court in the manner provided in section 8-8."

distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio,* supra, 191 Conn. 31.

The parties argue that the hearing before the court on a proposed settlement of a zoning appeal, as required by § 8-8 (n), is a separate and distinct proceeding independent from the underlying zoning appeal. "The 'separate and distinct' requirement of *Curcio* demands that the proceeding which spawned the appeal be independent of the main action. . . . This means that the 'separate and distinct proceeding,' though related to the central cause, must be severable therefrom. The question to be asked is whether the main action could proceed independent of the ancillary proceeding." (Citations omitted.) *State* v. *Parker,* 194 Conn. 650, 654, 485 A.2d 139 (1984). When we apply this standard to the situation presented in this case, it is clear that a hearing on a proposed settlement of a zoning appeal cannot be considered independent of the appeal to the Superior Court because it directly impacts the appeal. If a proposed settlement is approved, judgment will be entered in accordance with the proposed stipulation, and the parties will avoid proceeding to trial on the merits of their appeal. Because the effect of a hearing on a proposed settlement is possibly to end the appeal, it cannot be considered a "separate and distinct" proceeding within the meaning of the *Curcio* test.

We next consider whether there is an appealable final judgment pursuant to *Curcio*'s second prong, i.e., that the denial of the parties' motion for a stipulated judgment so concludes the rights of the parties that further proceedings cannot affect them. Under *Curcio*'s second prong, for an interlocutory order to be immediately appealable, "[t]here must be (1) a colorable claim, that is, one that is superficially well founded but that may ultimately be deemed invalid, (2) to a right that has

both legal and practical value, (3) that is presently held by virtue of a statute or the state or federal constitution, (4) that is not dependent on the exercise of judicial discretion and (5) that would be irretrievably lost, causing irreparable harm to the appellants without immediate appellate review." *Sharon Motor Lodge, Inc.* v. *Tai*, 82 Conn. App. 148, 158–59, 842 A.2d 1140, cert. denied, 269 Conn. 908, 852 A.2d 738 (2004).

The defendant appears to argue that a final judgment exists pursuant to *Curcio*'s second prong because, in the absence of court approval to withdraw their appeal, the parties must proceed to trial without the guarantee of further appellate review. In this respect, the defendant contends that the parties face a "winner take all" decision at trial. Similarly, the plaintiff contends that § 8-8 (n) confers a right to settle a zoning appeal that, absent bad faith, collusion or other improper conduct, will be irretrievably lost if denied because the parties must in that case proceed to trial. We disagree with the parties' contentions.

Although it is true that zoning appeals present unique considerations in the final judgment analysis, we disagree that the parties' options are so limited upon the denial of a proposed settlement. For one, the parties can attempt to obtain court approval of an alternate settlement agreement. Furthermore, the parties may in fact be able to appeal to this court. Although the right to appeal to this court is conditioned on certification, it is not entirely foreclosed.

More importantly, we conclude that there is no right to settle a zoning appeal pursuant to § 8-8 (n). Section 8-8 (n) provides in relevant part that "no settlement between the parties . . . shall be effective unless and until a hearing has been held before the Superior Court and such court has approved such proposed . . . settlement." This statutory section unambiguously

requires court approval for the settlement of zoning appeals; it does not confer a right to settle barring bad faith, collusion or other improper conduct on the part of the litigants. The court's denial of the parties' motion for a stipulated judgment therefore does not satisfy *Curcio*'s second prong.

In support of its argument that there is a right to settle a zoning appeal pursuant to § 8-8 (n), the plaintiff relies on the public policy favoring settlement. It is well established, however, that the legislative purpose behind the enactment of § 8-8 (n) was not to facilitate the settlement of zoning appeals, but rather to protect the public interest at risk in land use decisions. Indeed, our Supreme Court has stated that "[t]he legislative history of § 8-8 (n) . . . indicates that the requirement of court approval was designed to guard against surreptitious dealing between zoning boards and applicants, to avoid frivolous appeals initiated for 'leverage,' and to ensure that settlements are fair." *Willimantic Car Wash, Inc.* v. *Zoning Board of Appeals*, 247 Conn. 732, 742 n.16, 724 A.2d 1108 (1999). Thus, while § 8-8 (n) recognizes the important social interest in the promotion of the settlement of litigation, it aims to balance this interest against the need to protect the integrity of the land use process by requiring judicial scrutiny of proposed settlements through court approval. See *Torrington* v. *Zoning Commission*, 63 Conn. App. 776, 786–88, 778 A.2d 1027 (2001), aff'd, 261 Conn. 759, 806 A.2d 1020 (2002); *Sendak* v. *Planning & Zoning Commission*, 7 Conn. App. 238, 243 n.1, 508 A.2d 781 (1986).

We conclude that the court's denial of the parties' motion for a stipulated judgment is not an appealable final judgment. As a result, we lack subject matter jurisdiction to entertain the present appeal.

The appeal is dismissed.

In this opinion the other judges concurred.