******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DONALD HARGER *v.* BRIAN H. ODLUM
(AC 37046)

DiPentima, C. J., and Gruendel, Beach, and Mullins, Js.

*Considered September 17—officially released November 25, 2014*

(Appeal from Superior Court, judicial district of New Britain, Hon. Joseph M. Shortall, judge trial referee.)

*James J. Healy* and *Brennan Maki*, in support of the motion.

*Beverly Knapp Anderson,* in opposition to the

motion.

*Opinion*

MULLINS, J. The defendant, Brian H. Odlum, a dentist, appeals from the decision of the trial court denying his motion to dismiss the action, in which he asserted that the plaintiff, Donald Harger, failed to comply with the requirements of General Statutes § 52-190a.[1] The plaintiff filed a motion to dismiss the defendant's appeal for lack of a final judgment. The defendant filed an objection to the motion. We conclude that the defendant's appeal was not taken from a final judgment, and, as a result, the motion to dismiss the appeal is granted, and the appeal is dismissed.

The procedural history of this case is not in dispute. The plaintiff filed a dental malpractice action against the defendant. Pursuant to § 52-190a, the plaintiff attached to his complaint a good faith certificate of his attorney and a written and signed opinion from a "similar health care provider."[2] The defendant filed a motion to dismiss on the following grounds: (1) the plaintiff's opinion letter was not written by a "similar health care provider" because the defendant was a general dentist, and the opinion letter was authored by a periodontist; and (2) the opinion letter did not contain sufficient information to establish the author's qualifications as a "similar health care provider," as defined by General Statutes § 52-184c. In response, the plaintiff filed a request for leave to amend his complaint by attaching to it an amended opinion letter, which clarified that it had been authored by a general dentist.

On May 22, 2014, the court, *Hon. Joseph M. Shortall*, judge trial referee, issued a memorandum of decision in which it denied the defendant's motion to dismiss. The court first determined that the original opinion letter did not comply with § 52-190a because "[t]here is no information in the letter from which the court or the defendant can determine that the opinion author was actively involved in the practice or teaching of general dentistry within the five year period before the incident giving rise to the claim of malpractice." The court, nevertheless, ruled that it had the discretion to consider the amended opinion letter in determining whether the plaintiff had complied with § 52-190a, and it granted the plaintiff's request for leave to amend his complaint. The court concluded that the amended opinion letter satisfied the requirements of § 52-190a, and, consequently, it denied the defendant's motion to dismiss.

The defendant filed a motion to reargue the denial of his motion to dismiss, which the court denied. The defendant then filed a petition for certification to appeal with our Supreme Court, pursuant to General Statutes § 52-265a, which was denied.

Thereafter, the defendant filed this appeal from the trial court's denial of his motion to dismiss. The plaintiff

moved to dismiss the appeal on the ground that the denial of a motion to dismiss, which is based on a plaintiff's purported failure to comply with the requirements of § 52-190a (a), is not an appealable final judgment. We agree with the plaintiff.

"The subject matter jurisdiction of this court and our Supreme Court is limited by statute to final judgments. . . . Our appellate courts lack jurisdiction to hear an appeal that is not brought from a final judgment. . . . The lack of a final judgment is a jurisdictional defect that mandates dismissal. [General Statutes § 52-263]. . . . Because our jurisdiction over appeals . . . is prescribed by statute, we must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim." (Citation omitted; internal quotation marks omitted.) *Lakeside Estates, LLC* v. *Zoning Commission*, 100 Conn. App. 695, 697–98, 919 A.2d 1044 (2007).

"The general rule is that the denial of a motion to dismiss is an interlocutory ruling and, therefore, is not a final judgment for purposes of appeal." (Internal quotation marks omitted.) *Flanagan* v. *Blumenthal*, 265 Conn. 350, 352 n.4, 828 A.2d 572 (2003). Nonetheless, "certain otherwise interlocutory orders may be final judgments for appeal purposes, and the courts may deem interlocutory orders or rulings to have the attributes of a final judgment if they fit within either of the two prongs of the test set forth in *State* v. *Curcio*, [191 Conn. 27, 31, 463 A.2d 566 (1983)]. . . . Under *Curcio*, interlocutory orders are immediately appealable if the order or ruling (1) terminates a separate and distinct proceeding, or (2) so concludes the rights of the parties that further proceedings cannot affect them." (Citations omitted; internal quotation marks omitted.) *State* v. *Fielding*, 296 Conn. 26, 37, 994 A.2d 96 (2010).

The defendant contends that, under the second prong of *Curcio*, the court's denial of his motion to dismiss is an appealable final judgment because § 52-190a provides a right for health care providers not to litigate actions where the plaintiff has not filed a proper written opinion letter from a similar health care provider as required by § 52-190a. We are not persuaded.[3]

The second prong of the *Curcio* test "requires the parties seeking to appeal to establish that the trial court's order threatens the preservation of a right already secured to them and that that right will be irretrievably lost and the [parties] irreparably harmed unless they may immediately appeal. . . . An essential predicate to the applicability of this prong is the identification of jeopardy to [either] a statutory or constitutional right that the interlocutory appeal seeks to vindicate. . . . Unless the appeal is authorized under the *Curcio* criteria, absence of a final judgment is a jurisdictional defect that [necessarily] results in a dismissal of the appeal." (Citations omitted; internal quota-

tion marks omitted.) *Hartford Steam Boiler Inspection & Ins. Co.* v. *Underwriters at Lloyd's & Cos. Collective*, 271 Conn. 474, 497, 857 A.2d 893 (2004), cert. denied, 544 U.S. 974, 125 S. Ct. 1826, 161 L. Ed. 2d 723 (2005).

Our Supreme Court has recognized rare circumstances where *Curcio*'s second prong is satisfied, so as to permit interlocutory review of the denial of a motion to dismiss. Such review is available when the motion to dismiss is based on sovereign immunity; *Shay* v. *Rossi*, 253 Conn. 134, 164–65, 749 A.2d 1147 (2000), overruled in part on other grounds by *Miller* v. *Egan*, 265 Conn. 301, 325, 828 A.2d 549 (2003); double jeopardy; *State* v. *Tate*, 256 Conn. 262, 276, 773 A.2d 308 (2001); collateral estoppel; *Convalescent Center of Bloomfield, Inc.* v. *Dept. of Income Maintenance*, 208 Conn. 187, 194, 544 A.2d 604 (1988) (noting that collateral estoppel is civil law analogue to criminal law's double jeopardy); and ministerial immunity; *Dayner* v. *Archdiocese of Hartford*, 301 Conn. 759, 769–72, 23 A.3d 1192 (2011); see also *Chadha* v. *Charlotte Hungerford Hospital*, 272 Conn. 776, 787, 865 A.2d 1163 (2005) (partial denial of motion for summary judgment based on absolute immunity applied to statements made in context of judicial and quasi-judicial proceedings subject to immediate interlocutory appeal). In each of those situations, the party seeking dismissal demonstrated that a statutory or constitutional right not to litigate, which already was secured to that party, would have been irretrievably lost if the party were denied the right to an immediate appeal. See *Shay* v. *Rossi*, supra, 165. This is not such a case.

Here, the defendant has not alleged that health care professionals have any statutory or constitutional right already secured to them that shields them from litigation akin to the right against double jeopardy or the other types of immunity from suit in the civil context. Indeed, the right to bring a medical negligence action against one's physician exists independently of § 52-190a and long preceded the enactment of that section. See *Votre* v. *County Obstetrics & Gynecology Group, P.C.*, 113 Conn. App. 569, 583, 966 A.2d 813, cert. denied, 292 Conn. 911, 973 A.2d 661 (2009). Thus, the court's decision in this case denying the motion to dismiss falls outside of the rare circumstances under which interlocutory review is permitted pursuant to *Curcio's* second prong.

Section 52-190a does not provide health care providers with immunity from civil actions. Section 52-190a (a) provides in relevant part that the claimant in a medical malpractice action "shall obtain a written and signed opinion of a similar health care provider, as defined in [§] 52a-184c . . . that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . ." Subsection (c) of

§ 52-190a provides that "[t]he failure to obtain and file the written opinion required by subsection (a) of this section shall be *grounds for the dismissal* of the action." (Emphasis added.)

There is nothing in the plain language of § 52-190a that confers a right on health care providers to be free from litigating medical malpractice actions. See generally General Statutes § 1-2z (meaning of statute shall, in first instance, be ascertained from plain language). The defendant essentially invites this court to add a provision to § 52-190a, which is lacking in the statute's language, and to extend to health care providers an immunity from litigation when an opinion letter does not meet the statute's requirements. We decline that invitation. "It is axiomatic that the court itself cannot rewrite a statute to accomplish a particular result. That is a function of the legislature." (Internal quotation marks omitted.) *Costantino* v. *Skolnick*, 294 Conn. 719, 736, 988 A.2d 257 (2010). The fact that the statute provides a ground for dismissal if a plaintiff fails to obtain and file the required opinion letter is not the equivalent of statutory immunity from an action if such a letter is not filed.

Indeed, our Supreme Court repeatedly has stated that the failure to attach a proper opinion letter pursuant to § 52-190a is akin to insufficient service of process, implicating personal jurisdiction over the defendant. *Santorso* v. *Bristol Hospital*, 308 Conn. 338, 351–52, 63 A.3d 940 (2013); *Morgan* v. *Hartford Hospital*, 301 Conn. 388, 400–401, 21 A.3d 451 (2011). We are aware of no appellate authority in Connecticut that has held that the denial of a motion to dismiss on the basis of a claimed lack of personal jurisdiction over the defendant is an appealable final judgment.

To the contrary, our precedent supports the proposition that such a denial is not a final judgment for purposes of appeal: "The procedures that govern adjudication of disputes concerning jurisdiction over the person . . . are spelled out in our rules of practice. Such an issue is properly raised . . . by a motion to dismiss. If decided adversely to the movant, further consideration of the matter is postponed until adjudication of the remaining issues in the case in chief. Upon appeal of the case as a whole, error may be assigned with respect to the earlier adjudicated jurisdictional question." (Citations omitted.) *Chrysler Credit Corp.* v. *Fairfield Chrysler-Plymouth, Inc.*, 180 Conn. 223, 226, 429 A.2d 478 (1980); accord *Ruisi* v. *O'Sullivan*, 132 Conn. App. 1, 3, 30 A.3d 14 (2013) ("court's ruling on the issue of personal jurisdiction is not a final judgment"). Thus, the denial of a motion to dismiss that is based on a failure to file the required opinion letter is not an immediately appealable final judgment.

Consequently, we conclude that the defendant's appeal has not been taken from a final judgment and

that he has no right under § 52-190a that would be irretrievably lost by not allowing him an immediate appeal of the trial court's denial of his motion to dismiss. Therefore, this court lacks jurisdiction to hear the appeal.

The motion to dismiss the appeal is granted and the appeal is dismissed.

In this opinion the other judges concurred.

[1] General Statutes § 52-190a provides in relevant part: "(a) No civil action or apportionment complaint shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action or apportionment complaint has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint, initial pleading or apportionment complaint shall contain a certificate of the attorney or party filing the action or apportionment complaint that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant or for an apportionment complaint against each named apportionment defendant. To show the existence of such good faith, the claimant or the claimant's attorney, and any apportionment complainant or the apportionment complainant's attorney, shall obtain a written and signed opinion of a similar health care provider, as defined in section 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. Such written opinion shall not be subject to discovery by any party except for questioning the validity of the certificate. The claimant or the claimant's attorney, and any apportionment complainant or apportionment complainant's attorney, shall retain the original written opinion and shall attach a copy of such written opinion, with the name and signature of the similar health care provider expunged, to such certificate. . . .

"(c) The failure to obtain and file the written opinion required by subsection (a) of this section shall be grounds for the dismissal of the action."

[2] General Statutes § 52-184c (b) provides: "If the defendant health care provider is not certified by the appropriate American board as being a specialist, is not trained and experienced in a medical specialty, or does not hold himself out as a specialist, a 'similar health care provider' is one who: (1) Is licensed by the appropriate regulatory agency of this state or another state requiring the same or greater qualifications; and (2) is trained and experienced in the same discipline or school of practice and such training and experience shall be as a result of the active involvement in the practice or teaching of medicine within the five-year period before the incident giving rise to the claim."

[3] The defendant makes no claim that the trial court's decision to deny the motion to dismiss is a final judgment pursuant to the first prong of *Curcio*.