JAMES A. HARNAGE ET AL. *v.* COMMISSIONER OF CORRECTION ET AL.
(AC 34291)

DiPentima, C. J., and Bear and Espinosa, Js.

Argued December 7, 2012—officially released February 19, 2013

*James A. Harnage,* pro se, the appellant (named plaintiff).

*Madeline A. Melchionne,* assistant attorney general, with whom, on the brief, were *George Jepsen,* attorney general, and *Terrence M. O'Neil,* assistant attorney general, for the appellees (named defendant et al.).

*Opinion*

PER CURIAM. The self-represented plaintiff James A. Harnage[1] appeals from the decision of the trial court denying his motion for partial summary judgment and granting, in part, the defendants'[2] cross motion for partial summary judgment. On appeal, the plaintiff raised several claims.[3] We do not reach the merits of any of these claims because the decision from which the plaintiff appeals was not a final judgment. Accordingly, we dismiss the appeal.

The following brief procedural history is relevant to our resolution of this appeal. On March 9, 2010, the plaintiff filed a seven count complaint against the defendants seeking monetary and injunctive relief. In count one, the plaintiff alleged that, in June, 2008, while

---

[1] In the caption of his complaint, in addition to his own name, Harnage listed "a class of similarly situated persons" as plaintiffs to this action. In this regard, the court found that Harnage failed to comply with the necessary prerequisites to bringing a class action set forth in the rules of practice and that he could not represent the interests of other inmates as a nonattorney. We agree with the court and, accordingly, evaluate this appeal only as it pertains to Harnage. Hereafter, we refer to Harnage as the plaintiff.

[2] The named defendants are Brian K. Murphy, the former commissioner of correction; Warden Anthony Colletti; Lieutenants Meyers, Ploscynski, Kmetz, Williams and Brehler; Correction Officers Peck, Iozio, Leszniewski, Johnson, Delaney, Cronin, Wales, Holmes, Fulcher, DiLoreto, Schwegoffer, Lonton and Perkins; and James R. Smith, the former claims commissioner of Connecticut. On June 7, 2011, a motion to dismiss was granted in favor of Smith, and, thus, he is not a party to this appeal. Therefore, with the exception of Smith, in this opinion, we refer to the aforementioned individuals collectively as the defendants.

[3] The plaintiff claims that the court erred by (1) failing to consider state and federal sovereign immunity defenses separately, (2) failing to consider or analyze General Statutes § 4-165, (3) finding that sovereign immunity applied with respect to the plaintiff's claim that his federal constitutional rights were violated, (4) failing to find that the defendants acted in a wanton, reckless and/or malicious manner in their individual capacities, (5) finding a genuine issue of material fact by improperly relying on affidavits from individuals without personal knowledge of the facts and (6) finding no merit in the plaintiff's claim that a strip search must be based on a reasonable suspicion.

housed as an inmate at Corrigan-Radgowski Correctional Center, he was subject to "an unreasonable policy of [correctional officers] performing blanket strip body cavity searches . . . despite any consideration for [his] charges and absent any suspicion that [he was] carrying contraband" and without any effort to conduct the searches in a private setting. (Internal quotation marks omitted.) In count two, the plaintiff alleged that the blanket policy of performing strip body cavity searches was unconstitutional, went beyond admissions processing procedures and was conducted in a location and manner that allowed other inmates and correctional officers to view them.

In count three, the plaintiff alleged that he improperly was forced to eat all of his meals in his cell. In count four, the plaintiff alleged that he was not given enough time to eat his meals in contradiction of the department of correction's administrative directives that set forth the minimum time that inmates must be given to eat their meals. In count five, the plaintiff made allegations against the former claims commissioner, James R. Smith, which have since been dismissed from this action. In count six, the plaintiff alleged that Officer Wales retaliated against him for filing the present action by issuing a disciplinary report for the plaintiff's possession of a "stinger."[4] In count seven, the plaintiff alleged that the strip search conducted after the officers found the "stinger" was unlawful.

On May 6, 2011, the plaintiff filed a motion for partial summary judgment claiming that there were no genuine issues of material fact regarding the alleged unconstitutional strip searches conducted by the defendants as described in counts one and two of the complaint. On October 3, 2011, the defendants filed an objection to

[4] In his complaint, the plaintiff described a "stinger" as an item "used by inmates to heat hot water for soups and coffee."

the plaintiff's motion and filed a cross motion for partial summary judgment.

In a January 23, 2012 memorandum of decision, the court denied the plaintiff's motion for partial summary judgment in its entirety, finding there to be genuine issues of material fact regarding the plaintiff's claims. In the same memorandum, the court granted, in part, the defendants' cross motion, on the ground of sovereign immunity, as it related to the plaintiff's claim for monetary damages. The court denied the remaining portion of the defendants' cross motion that related to the plaintiff's claim for injunctive relief. Because the parties did not brief the issues raised in counts three through seven of the plaintiff's complaint, the court declined to address their merits in its decision. The present appeal followed.

As noted previously, we do not reach the merits of the plaintiff's claims because, as the defendants correctly argue, the decision from which the plaintiff appeals was not a final judgment. "The lack of [a] final judgment . . . implicates the subject matter jurisdiction of this court. . . . If there is no final judgment, we cannot reach the merits of the appeal. . . . Under Connecticut law, [t]he denial of a motion for summary judgment ordinarily is an interlocutory ruling and, accordingly, not a final judgment for purposes of appeal." (Citation omitted; internal quotation marks omitted.) *Singhaviroj* v. *Board of Education*, 124 Conn. App. 228, 231–32, 4 A.3d 851 (2010). "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). "A judgment that disposes of only a part of a complaint is not a final judgment"; (internal quotation marks omitted) *Psaki* v. *Karlton*, 97 Conn. App. 64,

69, 903 A.2d 224 (2006); unless "the partial judgment disposes of all causes of action against a particular party or parties; see Practice Book § 61-3; or if the trial court makes a written determination regarding the significance of the issues resolved by the judgment and the chief justice or chief judge of the court having appellate jurisdiction concurs. See Practice Book § 61-4 (a)." (Internal quotation marks omitted.) *Psaki* v. *Karlton*, supra, 69.

Here, the court's decision, granting, in part, the defendants' cross motion for partial summary judgment, disposed of only part of the plaintiff's complaint, namely, his claim for monetary damages set forth in counts one and two. The plaintiff's claims for injunctive relief contained in counts one and two were unaffected by the court's decision and remain pending before the court. Likewise, the claims contained in counts three, four, six and seven were not addressed by the court in its decision and remain pending. Further, the court's decision did not dispose of all causes of action against a particular party nor did the court make the requisite determinations to trigger the exceptions set forth in Practice Book §§ 61-3 and 61-4 (a). As such, the court's decision was not an appealable final judgment.

The plaintiff's appeal from the court's denial of his entire motion for partial summary judgment, due to the existence of genuine issues of material fact, also fails because the court's decision did not constitute a final judgment. The plaintiff has not shown that the court's decision has so concluded the rights of the parties that further proceedings cannot affect them. The claims addressed in the plaintiff's motion for partial summary judgment remain pending and the rights of the parties to which they correspond still can be affected by a trial on the merits of the plaintiff's case. Accordingly, the court's decision was not an appealable final judgment.

The appeal is dismissed.