******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TINA M. CARRICO *v.* MILL ROCK
LEASING, LLC, ET AL.
(AC 42460)

DiPentima, C. J., and Moll and Devlin, Js.

*Syllabus*

The plaintiff sought to recover damages for the alleged negligence of the
defendant J Co., an independent contractor hired by a possessor of land
to render snow and ice removal/remediation services for premises on
which the plaintiff slipped on an accumulation of ice and fell to the
ground, sustaining injuries. The trial court granted the motion for sum-
mary judgment filed by J Co., interpreting the counts against it as sound-
ing in premises liability, and finding that because the plaintiff did not
allege that J Co. possessed and controlled the premises, J Co. did not
owe a duty to the plaintiff. On the plaintiff's appeal to this court, *held*
that the trial court improperly rendered summary judgment as to those
counts of the complaint against J Co. by mischaracterizing the plaintiff's
claims as sounding in premises liability; the counts against J Co. alleged
ordinary negligence in that the plaintiff did not allege that J Co. owed
her a duty because it owned or controlled the premises, but that the
duty J Co. owed to her arose from the snow services agreement it had
with the third-party land possessor, and, pursuant to § 324A of the
Restatement (Second) of Torts, because the plaintiff alleged that J Co.
undertook to render snow and ice removal/remediation services on the
premises, which activity J Co. should have recognized as necessary for
the protection of persons such as the plaintiff, J Co. may have been
liable to the plaintiff for the injuries she allegedly sustained that resulted
from any failure by J Co. to exercise reasonable care in removing/
remediating snow and/or ice from the premises.

Argued March 10—officially released July 21, 2020

*Procedural History*

Action to recover damages for personal injuries sus-
tained as a result of the defendants' alleged negligence,
brought to the Superior Court in the judicial district of
New London, where the named defendant et al. filed a
cross complaint; thereafter, the court, *Swienton, J.*,
granted in part the motion for summary judgment filed
by the defendant Jones Landscaping, LLC, et al., and
the plaintiff appealed to this court. *Reversed*; *further
proceedings*.

*Kevin G. Smith*, with whom, on the brief, was *Kara
M. Burgarella*, for the appellant (plaintiff).

*Richard E. Fennelly III*, with whom, on the brief,
was *Jonathan P. Ciottone*, for the appellees (defendant
Jones Landscaping, LLC, et al.).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Tina M. Carrico, appeals from the judgment of the trial court rendering summary judgment in favor of the defendant Jones Landscaping, LLC.[1] On appeal, the plaintiff claims that the court improperly determined that counts three through five of the complaint alleged premises liability claims and did not sound in ordinary negligence. We agree with the plaintiff and reverse the judgment of the trial court.

The following facts, as alleged in the complaint, and procedural history are relevant to our decision. The plaintiff commenced the action in January, 2017, and filed a five count revised complaint on June 22, 2017. In counts one and two, respectively, the plaintiff alleged negligence and vicarious liability against Mill Rock Leasing, LLC (Mill Rock). Counts three through five are identical except that the defendant is identified differently in each count.[2] The plaintiff labeled counts three through five as "negligence" counts and alleged the following. On February 3, 2015, the plaintiff, who was a lawful business invitee, was walking in the parking lot of a commercial property located at 137-139 Mill Rock Road East in Old Saybrook, when she slipped on an accumulation of ice and fell to the ground, sustaining injuries in the process. Mill Rock owned and controlled the premises. The plaintiff did not allege that the defendant controlled or possessed the premises, but alleged that, at the time of the plaintiff's fall, the defendant "was responsible pursuant to a contract and/or an agreement with . . . Mill Rock . . . to remove and/or remediate snow and ice and to provide ice melt, sand or other abrasive materials and/or chemical deterrents to the parking lot that is the subject of this lawsuit."

On March 26, 2018, the defendant filed a motion for summary judgment as to counts three through five of the revised complaint, arguing, inter alia, that no genuine issue of material fact existed that the defendant did not owe a duty of care to the plaintiff because the defendant did not own, possess, or control the premises where the plaintiff allegedly slipped; rather, the defendant argued that Mill Rock and Mill Meadow Development, LLC, had a nondelegable duty to maintain the parking lot located at 137-139 Mill Rock Road East. The plaintiff filed an objection in which she argued, in part, that genuine issues of material fact existed because counts three through five sounded in ordinary negligence, and, pursuant to the duty of care owed in ordinary negligence actions, the defendant—as an independent contractor hired by the possessor of land, Mill Rock, to render snow and ice removal/remediation services for the premises—owed the plaintiff a duty of care.

The court heard oral argument on the motion on December 17, 2018. In a December 20, 2018 memoran-

dum of decision, the court framed the issue before it as "whether counts three through five of the plaintiff's claims against the defendant . . . sound in ordinary negligence or negligence based upon a theory of premises liability." In granting the motion, the court interpreted counts three through five of the revised complaint as sounding in premises liability and accordingly granted the motion for summary judgment. This appeal followed.

The following standard governs our review of a court's decision to grant a defendant's motion for summary judgment.[3] "The standard of review of a trial court's decision granting summary judgment is well established. Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Citations omitted; internal quotation marks omitted.) *Lucenti* v. *Laviero*, 327 Conn. 764, 772–73, 176 A.3d 1 (2018).

Our resolution of the claim before us is guided by the analysis in two pivotal cases. To place the trial court's decision and the plaintiff's claim in the proper context, we begin our analysis with an overview of these cases. In the first case, *Gazo* v. *Stamford*, 255 Conn. 245, 253, 765 A.2d 505 (2001), our Supreme Court adopted § 324A of the Restatement (Second) of Torts and held that an independent contractor who performs snow removal services pertaining to a third party's sidewalk can be directly liable to a pedestrian who slips on accumulated ice and snow on that sidewalk. The court in *Gazo* specifically held that the defendant, an independent contractor who had entered into a contract with a property owner to clear an abutting sidewalk, owed a direct duty to the plaintiff pedestrian who had slipped on an accumulation of ice and snow on the sidewalk. Id., 248–58. Our Supreme Court stated that the plaintiff's claim was not based on whether the independent contractor "may be liable to the plaintiff on a theory of premises liability, which requires that the party to be held liable be in control of the property. That is not a basis of the plaintiff's claims." Id., 249. In holding that the independent contractor owed the pedestrian a direct duty, our Supreme Court adopted § 324A of the Restatement (Second) of Torts, "at least in the circumstances of the present case, in which it is clear that the service was performed for consideration and in a commercial context"; id., 253; and reasoned that § 324A "recognizes such a duty as a matter of pol-

icy." Id., 252. Section 324A provides in relevant part: "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if . . . (b) he has undertaken to perform a duty owed by the other to the third person . . . ." 2 Restatement (Second), Torts § 324A (1965).

In a later case, our Supreme Court iterated that *Gazo* "held that a contractor who undertakes the snow removal duties of a landowner is liable to a plaintiff who slips as a result of the contractor's negligent performance. . . . [U]nder § 324A [b] of the Restatement [Second] [the defendant contractor] is subject to liability to the plaintiff for his physical injuries if the plaintiff can show that [the contractor] failed to exercise reasonable care when performing the duty owed by [the landowner who hired the contractor] to the plaintiff. . . . [I]t should be emphasized that [the contractor] may be held liable to the plaintiff [under § 324A (b)] only to the extent that [1] his contractual undertaking permits, and [2] his breach of duty to the plaintiff is part and parcel of [the landowner's] duty to the plaintiff." (Citations omitted; internal quotation marks omitted.) *Demond* v. *Project Service, LLC*, 331 Conn. 816, 826–27, 208 A.3d 626 (2019).

Our Supreme Court in *Gazo* provided the following additional reasons for concluding that the independent contractor owes the pedestrian a direct duty of care. First, it was not beyond the scope of foreseeability to hold the independent contractor liable for the injuries to the pedestrian plaintiff because "the potential for harm from a fall on ice was significant and foreseeable. . . . It is also reasonable to conclude that an ordinary person in [the independent contractor's] position, knowing what he knew or should have known, would anticipate that severe injuries were likely to result from a slip and fall if the sidewalk was not cleared properly of ice and snow. It is not unreasonable, or beyond the scope of foreseeability, therefore, to hold [the independent contractor] accountable for the plaintiff's injuries if they were caused by [the independent contractor's] negligent performance of his contract . . . ." (Citation omitted; internal quotation marks omitted.) *Gazo* v. *Stamford*, supra, 255 Conn. 250–51.

The court further reasoned that, "[s]econd, there are valid public policy reasons for holding [the independent contractor] responsible for his conduct. [The independent contractor's] liability to the plaintiff fits comfortably within the general rule that every person has a duty to use reasonable care not to cause injury to those whom he reasonably could foresee to be injured by his negligent conduct, whether that conduct consists of

acts of commission or omission. . . . [T]he ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised . . . . [A] duty to use care may arise from a contract . . . ." (Citations omitted; internal quotation marks omitted.) Id., 251.

Lastly, the court reasoned that it already "adopted an analogous duty in construction cases. . . . We see no meaningful distinction between an independent contractor who has created a dangerous condition on the land, such as installing a faulty septic system or negligently supervising a construction project, and an independent contractor who has agreed to perform a service that is essential to keeping foreseeable third parties safe." (Citations omitted; internal quotation marks omitted.) Id., 253–54.

In the second case relevant to our analysis, *Sweeney* v. *Friends of Hammonasset*, 140 Conn. App. 40, 58 A.3d 293 (2013), this court reasoned that § 324A of the Restatement (Second) of Torts was inapplicable under the circumstances of that case. In *Sweeney*, the plaintiff, who had attended an event at Hammonasset Beach State Park, which was owned by the state of Connecticut, brought an action against the Friends of Hammonasset, a volunteer organization promoting the event, and the president of the organization, after he slipped and fell while walking on a driveway road during the event. Id., 44. This court affirmed the judgment of the trial court, interpreting the complaint as sounding in premises liability. This court reasoned: "Reading the complaint in its entirety, the allegations of negligence pertain to the alleged failure of the defendants either reasonably to inspect and maintain the defective premises in order to render them reasonably safe or to warn of dangers that the plaintiff, as an invitee of the defendants, could not reasonably be expected to discover. Though these allegations are not inconsistent with a duty under a theory of ordinary negligence, the gravamen of the plaintiff's complaint pertains to the dangerous and unsafe icy conditions of the walking area . . . . Section 324A does not apply because, as the trial court aptly noted, the plaintiff in the present action does not allege that the defendants owed him a duty based upon their arrangement with a third party to render certain services. Rather, he alleges that the defendants owed him a duty based on the services that were rendered to him, as an invitee on the premises. As the plaintiff's allegations stem from an injury caused by a dangerous condition on the premises, liability is dependent on possession and control of the dangerous premises." (Citation omitted; internal quotation marks omitted.) Id., 48–49.

In the present case, the trial court determined that "the plaintiff has not alleged the crucial fact that would clearly create a premises liability case—possession and

control. The gravamen of the plaintiff's complaint is that her injuries stemmed from a dangerous condition on the premises, an accumulation of ice. Under *Sweeney* [v. *Friends of Hammonasset*, supra, 140 Conn. App. 48] this allegation is sufficient to find that the negligence alleged is founded on a theory of premises liability. . . . Simply by omitting the crucial element of possession and control of a premises liability cause of action does not automatically result in a cause of action sounding in ordinary negligence. The only theory of liability presented in counts three through five is based upon negligence for failure to exercise due care in responding to the icy conditions in the parking lot. Thus, these counts are properly construed as premises liability claims." The court noted that, as in *Sweeney*, "the plaintiff in the present action does not allege that the defendant . . . owed [her] a duty based upon its arrangement with a third party to render certain services. For this reason, § 324A of the Restatement (Second) of Torts . . . is . . . inapplicable to the present action . . . ." After concluding that the counts sounded in premises liability, the court granted the motion for summary judgment, reasoning that the defendant "did not owe a duty to the plaintiff because there is no genuine issue of material fact as to whether it owned, possessed or controlled the premises where the plaintiff alleges she was injured. Without possession or control of the premises at issue, the defendant has no duty to the plaintiff, and thus, is entitled to judgment as a matter of law."

On appeal, the plaintiff claims that the court improperly determined that counts three through five of the complaint allege premises liability claims.[4] The plaintiff argues that the reasoning in *Gazo* applies and that the claims at issue sound in ordinary negligence. The defendant counters that the reasoning in *Sweeney* v. *Friends of Hammonasset*, supra, 140 Conn. App. 48, demonstrates that the claims at issue are premises liability claims because the gravamen of the plaintiff's claims against the defendant is an icy condition in the parking lot on the premises. We agree with the plaintiff.

"The interpretation of pleadings is always a question of law for the court . . . . Our review of the trial court's interpretation of the pleadings therefore is plenary. . . . [W]e long have eschewed the notion that pleadings should be read in a hypertechnical manner. Rather, [t]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . [T]he complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . Our reading of pleadings in a manner that advances substantial justice means that a pleading must be construed reasonably, to contain all that it fairly means, but carries with

it the related proposition that it must not be contorted in such a way so as to strain the bounds of rational comprehension. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Citations omitted; internal quotation marks omitted.) *Grenier* v. *Commissioner of Transportation*, 306 Conn. 523, 536–37, 51 A.3d 367 (2012).

In granting the defendant's motion for summary judgment, the court concluded that, under a theory of premises liability, one who possesses or controls the premises owes a duty to the plaintiff and concluded that because no genuine issue of material fact existed that the defendant did not possess or control the premises where the plaintiff's alleged injury occurred, the defendant owed no duty to the plaintiff. In contrast, under a theory of ordinary negligence, as advocated by the plaintiff, an independent contractor under certain circumstances owes a duty of care to the plaintiff. See *Gazo* v. *Stamford*, supra, 255 Conn. 248–58. Accordingly, whether the defendant owed the plaintiff a duty in the present case may depend on whether the claims at issue sound in premises liability or ordinary negligence. To assist in our interpretation of the complaint, we examine the following general principles of the duty owed under both types of claims.

"[T]he essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury . . . and [t]he existence of a duty of care is a prerequisite to a finding of negligence . . . . The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant [breached] that duty in the particular situation at hand. . . . If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant. . . . Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. . . . We have stated that the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case.

. . . Additionally, [a] duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Citations omitted; internal quotation marks omitted.) *Grenier* v. *Commissioner of Transportation*, supra, 306 Conn. 538–39.

With respect to the element of duty in a premises liability action, possession and control of the premises by the defendant is dispositive. "Liability for injuries caused by defective premises . . . does not depend on who holds legal title, but rather on who has possession and control of the property. . . . Thus, the dispositive issue in deciding whether a duty exists is whether the [defendant] has any right to possession and control of the property." (Citation omitted.) *LaFlamme* v. *Dallessio*, 261 Conn. 247, 251–52, 802 A.2d 63 (2002); id. (applying principles of premises liability action).

We agree with the plaintiff that the reasoning in *Gazo* applies to the present case. Applying that reasoning, we conclude that counts three through five allege ordinary negligence. The plaintiff does not allege in those counts that the defendant owes her a duty *because* it owned or controlled the premises. Rather, the plaintiff alleges that "Mill Rock . . . owned, leased, possessed, controlled, operated, managed, and/or maintained a commercial property located at 137-139 Mill Rock Road East, Old Saybrook . . . which property included a parking lot . . . ." The plaintiff further alleges that, on February 3, 2015, the defendant "was responsible pursuant to a contract and/or agreement with . . . Mill Rock . . . to remove and/or remediate snow and ice and to provide ice melt, sand or other abrasive materials and/or chemical deterrents to the parking lot that is the subject of this lawsuit" and that her injuries were caused by the negligence and carelessness of the defendant in multiple ways relating to an allegedly inadequate snow and ice removal process, including a failure to "adequately plow, shovel or otherwise remove and/or remediate snow and/or ice in the parking lot . . . ." Accordingly, the plaintiff alleges that the duty the defendant owed to her arises from the snow services agreement the defendant had with Mill Rock.

In *Gazo*, our Supreme Court did not require that the independent contractor own or control the premises in order to hold that the independent contractor owed the plaintiff a duty of care under a theory of negligence. See *Gazo* v. *Stamford*, supra, 248–58. Similar to the factual circumstances in *Gazo*, in the present case, the plaintiff alleges that the defendant's snow and ice removal/remediation services were rendered to a third party pursuant to an agreement in a commercial context. Pursuant to § 324A of the Restatement (Second) of Torts, because it is alleged that the defendant under-

took to render snow and ice removal/remediation services on Mill Rock's premises, which activity the defendant should recognize as necessary for the protection of persons such as the plaintiff, the defendant may be liable to the plaintiff for the injuries she allegedly sustained that resulted from any failure by the defendant to exercise reasonable care in removing/remediating snow and/or ice from the premises.

We also agree with the plaintiff that the present case is distinguishable from *Sweeney* v. *Friends of Hammonasset*, supra, 140 Conn. App. 40. In *Sweeney*, this court reasoned that § 324A of the Restatement (Second) of Torts did not apply because the plaintiff did not allege that the defendants owed a duty to him based on an arrangement the defendants had with a third party to render certain services but, rather, the defendants' duty arose from services that the defendants rendered to him. Id., 49. Unlike in *Sweeney*, the plaintiff in the present case *did* allege that the defendant owed her a duty based on an arrangement it had with a third party to provide services, and does not allege that the defendant owed her a duty based on services rendered *to her*. These critical factual differences between the present case and *Sweeney* offer further support for the applicability of § 324A here. Additionally, the gravamen of the plaintiff's allegations in counts three through five is that the defendant was negligent in its performance of its agreement with Mill Rock for snow and ice removal/remediation services and, thus, the plaintiff does not allege liability based on control or possession of the premises as would be required in a premises liability claim. Rather, she alleges liability based on the allegedly negligent performance of services under an agreement with a third party, which fits squarely within the ambit of a claim sounding in ordinary negligence pursuant to *Gazo* and § 324A. For the foregoing reasons, we conclude that the trial court improperly rendered summary judgment as to counts three through five of the complaint by mischaracterizing the plaintiff's claims against the defendant as sounding in premises liability.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

[1] The plaintiff's complaint contained three identical counts against three limited liability companies with similar names and the same principal place of business. See footnote 2 of this opinion. All references herein to the defendant are to the three entities listed in footnote 2 of this opinion. The complaint also named Mill Rock Leasing, LLC, as a defendant. The counts of the complaint brought against Mill Rock Leasing, LLC, were not part of the defendant's motion for summary judgment. Mill Meadow Development, LLC, was also named in the complaint as a defendant, but the plaintiff later withdrew the complaint as to Mill Meadow Development, LLC.

[2] Counts three through five are alleged against Jones Landcape, LLC, Jones Landscape, LLC, and Jones Landscaping, LLC, respectively.

[3] In *Larobina* v. *McDonald*, 274 Conn. 394, 399–403, 876 A.2d 522 (2005), our Supreme Court clarified the circumstances under which a motion for summary judgment may be used instead of a motion to strike to challenge the legal sufficiency of a complaint. On appeal, the plaintiff does not chal-

lenge the propriety of the court's granting of the defendant's motion for summary judgment on the grounds that the motion improperly challenged the sufficiency of the complaint and that the plaintiff was not given an opportunity to replead. Accordingly, we do not address whether the motion for summary judgment properly was used to challenge the legal sufficiency of counts three through five of the complaint.

[4] We note that, although the counts of the complaint against Mill Rock may still be pending, this appeal is properly before us because the summary judgment rendered on counts three through five of the complaint disposed of all causes of action against the defendant and is therefore a final judgment pursuant to Practice Book § 61-3. That section provides in relevant part that "[a] judgment disposing of only a part of a complaint . . . is a final judgment if that judgment disposes of all causes of action in that complaint . . . brought by or against a particular party or parties.

"Such a judgment shall be a final judgment regardless of whether judgment was rendered on the granting of a motion to strike pursuant to Section 10-44, by dismissal pursuant to Section 10-30, by summary judgment pursuant to Section 17-44, or otherwise." Practice Book § 61-3; see also *Harnage* v. *Commissioner of Correction*, 141 Conn. App. 9, 13–14, 60 A.3d 308 (2013).

---